```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

  UNITED STATES OF AMERICA    :
                              :
       v.                     :  Crim. No. 3:12CR206 (AWT)
                              :
  MUJAHID MUHAMMAD            :
```

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

For the reasons set forth below, the defendant's motions for compassionate release (ECF Nos. 735 and 738) are hereby DENIED.

Defendant Mujahid Muhammad moves, pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i), for an order reducing his sentence to time served. Muhammad contends that the court should grant him compassionate release because he "suffers from a number of co-morbid conditions which put him at enhanced risk of exposure to COVID-19. Mr. Muhamad suffers from: obesity; hypertension; diabetes and asthma." Def.'s Supp. Mem. (ECF No. 738-1) at 2.

On December 23, 2014, the court sentenced the defendant to a 10-year term of imprisonment followed by a five-year term of supervised release. This followed his plea of guilty to Count One of an Indictment which charged the defendant with conspiracy to possess with intent to distribute 280 grams or more of

cocaine base in violation of Sections 841(a)(1), 841(b)(1)(A)(iii) and 846 of Title 21 of the United States Code.

The Presentence Report calculated the defendant's total offense level to be 29 and his criminal history category to be VI, so the Sentencing Guidelines included a range of 151 to 188 months of imprisonment.  At sentencing the court departed to Criminal History Category V to give effect to the parties' plea agreement.  A total offense level of 29 and Criminal History Category V corresponds to 140 to 175 months of imprisonment.  The defendant faced a mandatory minimum term of imprisonment for 10 years.  The court departed downward from the bottom of the 140 to 175-month range to the mandatory minimum based on a combination of two reasons.  One, the court placed "a good deal of weight" (Tr. (ECF No. 600) at 36, l. 11) on statements made by the defendant concerning his intentions and his efforts towards rehabilitation.  Two, the court placed weight on the fact that the longest prior sentence that had been imposed upon the defendant was a 42-month term of imprisonment and that it was desirable that punishment be incremental.

The court was most aware, on the one hand, of the need to impose a sentence that constituted just punishment and reflected the seriousness of the offense and, on the other hand, the desirability of supporting the goal of rehabilitation.  The court concluded that the most appropriate resolution of the

2

tension between these competing considerations was the mandatory minimum sentence of 120 months.

Section 3582(c)(1)(A) of Title 18, which governs compassionate release, requires as an initial matter that:

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).  Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  The policy statement in U.S.S.G. § 1B1.13 is applicable to compassionate release.

Here it is undisputed that the defendant has satisfied the requirement with respect to exhaustion of administrative remedies.  Nor is there any dispute as to whether the defendant suffers from obesity, hypertension, diabetes and asthma.  However, the court concludes that in this case the applicable Section 3553 factors counsel against reduction of the defendant's sentence, and in addition, a reduction of the

3

defendant's sentence would not be consistent with U.S.S.G. 1B1.13 because the court cannot find that the defendant is not a danger to the community.

Although the longest term of imprisonment imposed upon the defendant prior to the sentencing in this case had been 42 months, the defendant had eight criminal convictions prior to his commission of the offense of conviction. Six of those offenses were drug offenses. Also, the defendant was serving a three-year term of probation when he committed the offense of conviction, and there was a two-level increase in his Guidelines calculation for possessing a firearm in connection with the criminal activity.

Moreover, a material consideration in the court's decision to depart downward in this case was statements by the defendant indicating that he was serious about rehabilitation. Unfortunately, the defendant's disciplinary record while he has been serving the sentence in this case is not consistent with the court's conclusion at sentencing. The government's memorandum details six instances of problematic behavior by the defendant, the latest of which occurred on January 7, 2020, which "establish[] that his misbehavior remains an issue." Gov't's Opp. (ECF No. 740) at 9.

In light of the foregoing the court reaches two conclusions. First, taking into account the applicable Section

4

3553(a) factors, especially the defendant's history and characteristics and his offense conduct, a sentence of less than a 120-month term of imprisonment would not adequately serve the need in the defendant's case for the sentence to reflect the seriousness of the offense and constitute just punishment. Second, based on the defendant's criminal history and disciplinary record while in custody for the instant offense, the court cannot conclude that the defendant is not a danger to the community, so reducing the defendant's sentence would not be consistent with the policy statement in Guideline Section 1B1.13.

   It is so ordered.

   Signed this 4th day of January 2021 at Hartford, Connecticut.

                              /s/AWT
                         Alvin W. Thompson
                    United States District Judge